UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROWELL-CHEMICAL CORP. and )
GARDNER-GIBSON TERMINAL, LLC, )
 )
      Plaintiffs, )
 ) No. 18 C 1829
   v. )
 ) Judge Sara L. Ellis
VILLAGE OF WILLOW SPRINGS, )
a municipal corporation, )
 )
      Defendants. )

# OPINION AND ORDER

After the Village of Willow Springs (the "Village") passed Ordinance Number 2017–O–41 (the "Ordinance"), Rowell-Chemical Corp. and Gardner-Gibson Terminal, LLC (collectively, "Rowell") filed the first amended complaint ("FAC") challenging the Ordinance. Rowell claims a violation of substantive due process (Count I), seeks a declaratory judgment that the Ordinance does not apply to its business (Count II), and challenges the nonconforming use provisions of the Village Code as unconstitutionally vague (Count III). The Village moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In the alternative, the Village moves the Court to abstain under the *Pullman* abstention doctrine. Because Rowell does not need to exhaust its administrative remedies prior to bringing a facial challenge to the Ordinance, the Court denies the Village's motion to dismiss for lack of ripeness. The Court, *sua sponte*, dismisses Count II for lack of redressability. Because this case involves substantial uncertainty of a local ordinance, and a state court's determination of the applicability of the Ordinance to Rowell could moot Rowell's federal constitutionality claim, the Court

chooses to exercise its right to abstain under *Pullman* pending a state court decision regarding the applicability of the Ordinance to Rowell's business.

## BACKGROUND[1]

Since 2009, Rowell has operated an asphalt storage and distribution business in the Village at 10100 South Archer Ave., Willow Springs, Illinois (the "Distribution Terminal"), which is within the L-1 Light Industrial District ("L-1 District") with the consent and endorsement of the Village. Title 9A, Chapter 7A, Section 6 of the Village Code does not permit asphalt processing plants to operate in the L-1 District; however, Section 3 permits warehouses and storage facilities. Rowell does not process asphalt; it simply stores and distributes asphalt.

Over the years, Rowell has applied for and received various permits and licenses from the Village to expand its asphalt storage business. This expansion included building new storage tanks, containment dikes, rail spurs, and heating facilities, among various other things. For instance, in November 2015, Rowell applied for a building permit to construct two additional asphalt storage tanks, and the Village approved Rowell's application. In April 2016, Rowell applied to build two more asphalt storage tanks. The Village again approved Rowell's application. Finally, in December 2017, Rowell applied for and again received a building permit to construct two additional asphalt storage tanks.

On December 5, 2017, the Village Planning and Zoning Commission recommended that the Board of Trustees (the "Board") amend Chapter 7A to prohibit the establishment of asphalt transfer stations, asphalt storage, asphalt processing, asphalt distribution and asphalt mixing plants within the L-1 District because of alleged odors emanating from Rowell's Distribution

---

[1] The facts in the background section are taken from Rowell's first amended FAC and are presumed true for the purpose of resolving the Village's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

Terminal. On December 14, 2017, the president and Board of the Village enacted the Ordinance. The Ordinance amended Chapter 7A, Section 6 to prohibit more than just asphalt plants, extending the list of prohibited uses to "asphalt transfer stations, asphalt storage, asphalt processing, asphalt distribution and asphalt mixing" in the L-1 District. Doc. 1-2 at 3–4. A member of the Board stated that the intent of the Ordinance was to revoke Rowell's business license from the Village. However, just a week later, on December 21, 2017, the Village approved Rowell's building permit application for yet two more asphalt storage tanks. The Village has yet to take any enforcement action against Rowell regarding the Ordinance.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.    Subject Matter Jurisdiction**

First, the Village argues that the Court should dismiss Rowell's claims for lack of subject matter jurisdiction because Rowell makes an unripe as-applied takings claim disguised as a due process challenge to the Ordinance and has not exhausted its state law remedies under the *Williamson* ripeness doctrine. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985); *Flying J v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008) (finding when a claim is not ripe, a court lacks subject matter jurisdiction); *See Hager v. City of W. Peoria*, 84 F.3d 865, 869 (7th Cir. 1996) ("This court has applied [the *Williamson*] ripeness doctrine"). In response, Rowell argues that the *Williamson* ripeness doctrine does not apply in this case because it makes a facial, not as-applied, challenge to the Ordinance. *See San Remo Hotel, L.P. v. City & County of San*

4

*Francisco, Cal.*, 545 U.S. 323, 325, 125 S. Ct. 2491, 162 L. Ed. 2d 315 (2005) (finding petitioners were not required to ripen their facial attack on city ordinance in state court). The Court notes that the Seventh Circuit's recent decision in *Kolton v. Frerichs* clarifies that "*Williamson County* has nothing to do with subject-matter jurisdiction." 869 F.3d 532, 533 (7th Cir. 2017). In a takings claim, *Williamson* requires the state court to give or deny just compensation first, "instead of asking a federal judge to guess what a state court is likely to do." *Id.* at 535. Because the Village argues that Rowell's claim is, in essence, an as-applied takings claim, the Court must first determine the appropriate characterization of Rowell's claims to see whether *Williamson* applies.

As the name suggests, "an as-applied challenge represents a plaintiff's objection to how a particular ordinance was applied in the specific context in which the plaintiff found himself," whereas "a facial challenge represents the plaintiff's claim that a specific ordinance cannot be constitutionally applied in any context." *Napleton v. Vill. of Hinsdale*, 872 N.E.2d 23, 27–28, 374 Ill. App. 3d 1098, 313 Ill. Dec. 263 (2007), *aff'd*, 891 N.E.2d 839, 229 Ill. 2d 296, 322 Ill. Dec. 548 (2008). The Court could construe Rowell's claim as an as-applied takings claim because Rowell alleges that the stated intent of the Ordinance was to revoke its business license, and that the enactment of the Ordinance interferes with its "right to use and enjoyment of [its] property." Doc. 22 ¶¶ 45, 50. Furthermore, Rowell's FAC bases its claim on the Village's failure to consider the factors from *La Salle National Bank of Chicago v. Cook County*, 145 N.E.2d 65, 69, 12 Ill. 2d 40 (1957), which are only relevant to as-applied challenges. *Napleton*, 891 N.E.2d at 852 (finding *La Salle* factors inapplicable to facial challenges). On the other hand, the Court could find Rowell's claim to be a facial due process challenge primarily because Rowell asks that the Court declare the Ordinance unconstitutional as a whole, not just in its

5

application to Rowell. Doc. 22 ¶ 54. Because Rowell seeks to invalidate the Ordinance in its entirety and does not allege any actual enforcement of the Ordinance to date, it does not need to exhaust its remedies before filing this claim. *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 458 (7th Cir. 2002) (finding litigants are not required to meet the *Williamson* ripeness requirements for bringing a claim in federal court when solely mounting a pre-enforcement facial challenge to the constitutionality of a statute under the Fifth Amendment). Finally, although the Village argues that Rowell's substantive due process is simply a takings claim in disguise and thus still subject to *Williamson*, Rowell conceded that its takings claim in its original complaint was premature; therefore, "in light of this concession, [Rowell's] due process claims cannot fairly be characterized as a takings claim." *Gen. Auto Serv. Station v. City of Chicago*, No. 00 C 0368, 2004 WL 442636 at *5 (N.D. Ill. Mar. 9, 2004). The Court therefore views Rowell's claim as a facial substantive due process challenge to the Ordinance. *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 803 (7th Cir. 2016) ("[A] court may construe a challenge as applied or facially, as appropriate.").

The Village argues that *Williamson* still applies in facial challenges, directing the Court to *Northwestern University v. City of Evanston*, 383 N.E.2d 964, 968, 74 Ill. 2d 80, 23 Ill. Dec. 93 (1978). However, the Court finds that this pre-*Williamson* case fails to support the Village's position because the Illinois Supreme Court specifically held "that a plaintiff who challenges the validity of an ordinance on its face need not exhaust administrative remedies." *Id*. As such, Rowell's claim is not subject to *Williamson* and Rowell need not have exhausted its administrative remedies prior to the Court addressing this claim. The Court therefore denies the Village's motion to dismiss for lack of ripeness and subject matter jurisdiction.

Although the Village focuses its motion to dismiss on ripeness grounds on Count I, the Court notes that Count II requests an as-applied declaration. Because the Court construes Rowell's claims as facial challenges and the Court is unable to grant as-applied relief to a facial challenge, the Court dismisses Count II, *sua sponte*, for lack of redressability. *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (finding a court's ability to redress plaintiff's injury necessary for standing); *Metallgesellschaft AG v. Sumitomo Corp. of America*, 325 F.3d 836, 842 (7th Cir. 2003) ("It is true, of course, that a district court may dismiss a case *sua sponte* for lack of Article III standing"); *Six Star Holdings*, 821 F.3d at 803 (finding distinction between facial and as-applied challenges informs available remedy).

## II. Failure to State a Claim

Next, the Village argues that Rowell fails to state a claim because it has not pleaded exhaustion of remedies. However, because the Court finds that Rowell's facial challenge is not subject to *Williamson*, Rowell does not need to plead exhaustion. *Daniels*, 306 F.3d at 458 (finding litigants are not required to meet the *Williamson* ripeness requirements for bringing a claim in federal court when solely mounting a pre-enforcement facial challenge to the constitutionality of a statute under the Fifth Amendment). The Court denies the Village's motion for failure to state a claim on exhaustion grounds.[2]

---

[2] Although the Village has not raised any other basis for dismissal for failure to state a claim, the Court notes that the applicable standard in facial challenges is the rational basis test. *Napleton*, 897 N.E.2d at 853 (finding facial challenges are reviewed under the rational basis test). Indeed, "a plaintiff bears a very heavy burden in a substantive due process action attacking a decision of local zoning officials." *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989). Rowell must show that (1) the decision was arbitrary and irrational, and (2) either a separate constitutional violation or the inadequacy of state law remedies. *Id.* at 558–59. The Court questions whether Rowell has sufficiently alleged these facts or would be able to establish them going forward but the Village has not moved the Court to dismiss for failure to state a claim on these grounds, so the Court does not reach a decision on this issue.

7

### III. *Pullman* Doctrine

Finally, the Village moves the Court to exercise *Pullman* abstention. *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941). "*Pullman* abstention is warranted only when (1) there is substantial uncertainty as to the meaning of the state law and (2) there exists a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir. 1998). The parties agree that there is substantial uncertainty regarding the Ordinance and the nonconforming use provisions of the Village Code. *See* Doc. 24 at 10–11; Doc. 27 at 15. As for a state court's ability to address the issue, the Court acknowledges that "if a statute is attacked as being excessively vague on its face, meaning that it is susceptible of being misapplied in a variety of possible situations, the state court is unlikely to be able to give it an interpretation that will prevent *any* of these possible misapplications, so probably abstention would not enable the constitutional issue to be avoided." *Waldron v. McAtee*, 723 F.2d 1348, 1354–55 (7th Cir. 1983) (emphasis in original). However, like in *Waldron*, the Ordinance is narrow in scope, limited just to asphalt related operations, and therefore "the task for the state court is much more limited." *Id.* at 1355. Rowell's facial challenge "will be moot if the ordinance turns out not to be applicable to [Rowell];" likewise, Rowell's vagueness challenge to the nonconforming use provisions will be moot if the Ordinance is applicable to Rowell. *Id.* Like *Waldron*, then, the Court finds that this is a good case for abstention. A state court could decide whether the Ordinance, and by extension, the nonconforming use provisions of the Village Code, apply to Rowell and moot the need for a federal determination of the constitutionality of the Ordinance or the Village Code. *Id.* ("If the state court holds the ordinance inapplicable to his conduct, his federal claim will be moot."); *Int'l*

*Coll. of Surgeons*, 153 F.3d at 365 ("*Pullman* abstention operates only where 'the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law.'") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–17, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)). Of course, "[i]f [the state court] holds the ordinance applicable, [Rowell] can come back to the district court for an adjudication of its constitutionality, unless he prefers to have the state court decide the whole case." *Waldron*, 723 F.2d at 1355. Because the applicability of the Ordinance to Rowell will moot one of Rowell's constitutional issues, the Court exercises its power under *Pullman* to abstain pending a state court ruling on the applicability of the Ordinance to Rowell.

## CONCLUSION

For the foregoing reasons, the Court denies the Village's motion to dismiss [24]. The Court, *sua sponte*, dismisses Count II for lack of redressability. The Court abstains from deciding the merits of the remaining claims pending a state court ruling on the applicability of the Ordinance to Rowell.

Dated: April 24, 2019

_____
SARA L. ELLIS
United States District Judge